# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

YUN LIU,

     Plaintiff,

v.

CAPLAB; CALLSMILE; DEDHH; DOUSILAIWAN; HJJUJIUYOU; HUIZHOUSHILINFENGKEJIYOUXIANGONGSI; JAGILARILY; JIANYAXUAN; JORMEY; LUSBEES; NBEADS US; MILSFNA; OROUNLA; QINZHIMEIZHUANGYOUXIANGONGSI; RONGLINGJIU; SANBAOPRODUCT; SHENZHEN XIFUGUANG TRADING CO., LTD.; SOUTHUY; SUMANH; TSMAPLE; WASYGOSHOP; YANGLEIHOMEMADE; YUAO-T; ZHONGDENGWEN; CHENGYID; ESSPUR; HEYCHATE; HONGJIE; JIAYUAND; JOYTECAGE CO. LTD.; KEMEINILI; LIANJIALI; LUMIKRYPT; NEOMART; NOVATREND HUB; NZHAOHA; SHENGMAO; SPOKKI; SQUARE; SUNNYNOOK LIVING&TOY; XBO TRADING; YINGNENGDIANZISHANGWU; ZENTEWN CO., LTD.; ZEYUEHUI; BNDTR; MDSFD; PXFIVEPOP; and WOAIJIE,

     Defendants.

Case No.

## Complaint

**NOW COMES** Plaintiff Yun Liu ("Plaintiff"), by and through its undersigned counsel, hereby brings this Complaint against CapLab, CALLSMILE, deDhh, Dousilaiwan, HjjujiuYOU, huizhoushilinfengkejiyouxiangongsi, Jagilarily, JIANYAXUAN, jormey, Lusbees, NBEADS US, MIlsfna, Orounla,

qinzhimeizhuangyouxiangongsi, ronglingjiu, sanbaoproduct, Shenzhen Xifuguang Trading Co., Ltd., Southuy, sumanh, TSmaple, WasyGoShop, YangLeiHomeMade, YUAO-T, zhongdengwen, ChengYiD, EssPur, HEYCHATE, hongjie, JiaYuanD, JOYTECAGE Co. Ltd., KEMEINILI, LianJiali, Lumikrypt, NeoMart, NovaTrend Hub, nzhaoha, ShengMao, SPOKKI, Square, SunnyNook Living&Toy, XBO Trading, yingnengdianzishangwu, Zentewn Co., Ltd., ZEYUEHUI, BNDTR, MDSFD, Pxfivepop, and WOAIJIE (collectively, "Defendants") and alleges as follows:

## Introduction

1. This action has been filed by Plaintiff to address Defendants' making, using, offering for sale, selling and/or importing into the United States unauthorized and unlicensed products which infringe Plaintiff's Asserted Patent. Defendants create e-commerce stores operating under one or more identified above ("Seller Aliases") which are advertising, offering for sale, and selling products infringing Plaintiff's Patent to unknowing consumers here in the United States. E-commerce stores operating under the Seller Aliases share characteristics establishing a logical relationship between them, and Defendants' unlawful activities arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid, or at least mitigate, liability by operating under one or more Seller Aliases to conceal both their identities and

2

the full scope and interworking of their operation. Plaintiff is forced to file this action to combat Defendants' infringement of their patent, as well as to protect unknowing consumers from purchasing Infringing Products over the internet. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from, *inter alia*, making, using, selling, offering for sale, and importing the claimed invention of the Asserted Patent as a result of Defendants' actions and seeks injunctive and monetary relief.

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a)-(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because each Defendant directly targets its business activities toward consumers in the United States, including Georgia and this Judicial District. Defendants reach out to do business with residents of Georgia and this Judicial District by setting up and operating one or more commercial, fully-interactive Defendant Online Stores that offer shipping to the United States, including Georgia, and accept payment in U.S. dollars, through which residents of Georgia and this Judicial District can

purchase and/or have purchased unauthorized and unlicensed products which infringe Plaintiff's patent.

**Parties**

4. Plaintiff Yun Liu is a Chinese citizen.

5. Plaintiff is in the business of selling various consumer products, including wall-mounted hat racks.

6. Plaintiff is the owner of all right, title, and interest in and to U.S. Patent No. 12,502,018 (the "Asserted Patent") that lawfully issued on December 23, 2025. *See* **Exhibit 1**.

7. Plaintiff's licensed wall-mounted hat racks are offered in e-commerce, including via Amazon.com[1], Walmart.com, and Temu.com.

8. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified above and/or other seller aliases not yet known to Plaintiff. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with marginal intellectual property enforcement systems or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

---

[1] *See, e.g.*, https://www.amazon.com/dp/B0FCS1NLC3

9. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed above. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to discover Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## Defendants Unlawful Activities

10. On information and belief, Defendants are an interrelated group of patent infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell the same Infringing Products in the same transaction, occurrence, or series of transactions or occurrences.

11. Defendants conduct business throughout the United States, including within the State of Georgia and this Judicial District through, at least, the operation of their fully interactive stores on Amazon.com, Walmart.com, and Temu.com.

12. Each Defendant targets the United States, including Georgia residents, and has offered to sell Infringing Products to consumers within the United States, including the State of Georgia and this Judicial District through, at least through their respective storefronts. *See*, **Exhibits 2-3.**

13. The listings of the Infringing Products were reviewed and inspected, and it was determined that the Infringing Products infringed Plaintiff's Patent. A comparison of Plaintiff's claims in the Patent with each of the Infringing Products demonstrates each Defendants' infringement of every element of at least one claim of the Asserted Patent. *See*, **Exhibit 4**.

14. Defendants, without any authorization, license, or other permission from Plaintiff have offered for sale, sold, and/or imported into the United States for subsequent resale or use Infringing Products that infringe directly and/or indirectly the Asserted Patent, and continue to do so via, at least, the Defendant Online Stores.

15. Defendants' infringement of the Asserted Patent in the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products was willful.

16. Defendants' willful infringement of the Asserted Patent in connection with the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products into Georgia, including this judicial district, is irreparably harming Plaintiff.

**Count I - Infringement of U.S. Patent No. 12,502,018 (35 U.S.C. § 271)**

17. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

18. Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent use or sale products that infringe directly and/or indirectly the invention claimed in U.S. Patent No. 12,502,018.

19. Defendants have infringed Plaintiff's U.S. Patent No. 12,502,018 through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

20. Defendants' infringing products directly compete with those of Plaintiff's authorized seller's products, thereby devaluing Plaintiff's patent and harming Plaintiffs ability to exploit its patent rights.

21. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including at a minimum a reasonable royalty for the use made of the invention claimed in the Asserted Patent by the Defendants, together with interest and costs as fixed by the court, and any other damages as appropriate pursuant to 35 U.S.C. § 284.

**WHEREFORE**, Plaintiff Yun Liu prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

    a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the designs claimed in the Asserted Patent;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Asserted Patent; and

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish, Joom, and Dhgate (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe the invention claimed in the Asserted Patent;

3) That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants'

infringement of the Asserted Patent, but in no event less than a reasonable royalty for the use made of the inventions by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

4) That the amount of damages awarded to Plaintiff to compensate it for infringement of the Asserted Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

5) That Plaintiff be awarded its reasonable attorneys' fees as provided by 35 U.S.C. § 285; and

6) Award any and all other relief that this Court deems just and proper.

Dated:        July 27, 2026

Respectfully submitted,

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
(GA 094951)
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
*Counsel for Plaintiff*

9